IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON SPARKS**                                                                                    **PLAINTIFF**

v.                                    Case No. 4:22-cv-00705-JM

**MCDONALDS CO.;**
**DOE, Alexus, General Manager**                                                          **DEFENDANTS**

## ORDER

Plaintiff Brandon Spark's motion to proceed *in forma pauperis* is granted. He reports some income but three dependents. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The law requires that I screen the Complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Mr. Sparks brings this employment action under federal discrimination laws alleging that he suffered workplace discrimination in the form of assault, harassment, and retaliation. (Doc. 2 at 4). Mr. Sparks says that he was employed by McDonald's from February-April 2022, where he worked as both a cashier and at the service window. (*Id*.). His allegations are varied. First,

1

Mr. Sparks says that a grievance he provided to a general manager was then shared with the assistant general manager. (*Id*.). Mr. Sparks believed the grievance was confidential and contends it was shared in retaliation for complaining. (*Id*.). Mr. Sparks gives no specifics about the contents of the grievance. Mr. Sparks next says that "two night managers used gang slang at customers" resulting in the offended customers pulling out "a machine gun" and pointing it at him as the sole person still standing at the drive-thru window. (*Id*.). Mr. Sparks complains that the managers' behavior placed him in "harm's way." (*Id*.). Finally, Mr. Sparks says a manager sexually harassed him through speech and body language. (*Id*.). Mr. Sparks seeks $26 million in damages. (*Id*. at 6).

As currently pleaded, Mr. Sparks has not stated a claim upon which relief can be granted. Mr. Sparks has not pleaded the bare minimum to support either a discrimination, hostile work environment, or retaliation claim. To succeed on such claims, a plaintiff must show that he is a member of a protected group who suffered discrimination, harassment, or retaliation because of his suspect class that affected a term, condition, or privilege of his employment. *See Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 892 (8th Cir. 2005) (race); *Dattoli v. Principi*, 332 F.3d 505, 506 (8th Cir. 2003) (gender); *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013) (Title VII and §1981 retaliation); *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 419 (8th Cir. 2010) (sexual harassment).

Whether Mr. Sparks is a member of a suspect class is unknown to the Court as is whether any condition of his employment was affected as a result of the varied allegations. In fact, outside of a grievance, the contents of which are unknown, it is unclear whether Mr. Sparks's employer was aware of any of his allegations. While Mr. Sparks names a Doe Alexus manager, he fails to link this person to any of the specific allegations. He does not name specifics of who was involved, when it occurred, how he was treated differently than similarly situated employees. It also is unclear whether Mr. Sparks attempted to resolve his issues through a grievance with the Equal

Employment Opportunity Commission, a prerequisite to a Title VII claim. Finally, Mr. Sparks's allegation that he was held at gun point, while serious, does not a support a claim his employer is somehow responsible for that event.

Mr. Sparks's complaint is too vague and conclusory as currently pleaded to determine whether the complaint is frivolous, fails to state a claim, or states a legitimate cause of action. The complaint should be dismissed without prejudice for failing to state a claim on which relief can be granted. Before issuing the Judgment, however, Mr. Sparks has thirty days to amend his complaint in a way that rectifies the deficiencies, including attaching any related EEOC forms.

Mr. Sparks is further directed to be familiar and comply with the Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas.

The Court notes that Local Rule 5.5(c)(2) instructs *pro se* parties that it is their reasonability to notify the Clerk and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties should sign all pleadings and include their address and telephone number with any signature. If any communication from the Court to a *pro se* party is not responded to within 30 days, the case may be dismissed without prejudice.

IT IS SO ORDERED this 15th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE