IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON SPARKS**                                                                               **PLAINTIFF**

v.                             **Case No. 4:22-cv-00705-JM**

**MCDONALDS CO.;**
**DOE, Alexus, General Manager**                                      **DEFENDANTS**

## ORDER

On August 15, 2022, I granted Plaintiff Brandon Sparks's petition to proceed *in forma pauperis* and screened his Complaint. (Doc. 3). Noting that his allegations and apparent claims were both varied and insufficiently pleaded, I gave Mr. Sparks an opportunity to hone his argument, and that Amended Complaint (Doc. 4) must now be screened. *See* 28 U.S.C. § 1915(e)(2).

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). While *pro se* complaints must be reviewed liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Although filed as a personal injury/negligence claim, in Mr. Sparks's initial Complaint he argued that he experienced workplace discrimination, a hostile work environment, and retaliation during his employment at McDonald's from February-April 2022. I explained that to succeed on

such claims, Mr. Sparks must show that he is a member of a protected group who suffered discrimination, harassment, or retaliation because of his suspect class that affected a term, condition, or privilege of his employment. (Doc. 3 at 2) (citing *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 892 (8th Cir. 2005) (race); *Dattoli v. Principi*, 332 F.3d 505, 506 (8th Cir. 2003) (gender); *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013) (Title VII and §1981 retaliation); *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 419 (8th Cir. 2010) (sexual harassment)). I asked Mr. Sparks for specifics explaining that his allegations, as pleaded, were entirely conclusory. (Doc. 3 at 2-3). Among other things, Mr. Sparks was given the opportunity to identify whether he is a member of a suspect class, whether a condition of his employment was affected as a result of his varied allegations, and to provide any documentation that he had grieved the issue with the Equal Employment Opportunity Commission. (*Id*.). Mr. Sparks's Amended Complaint does not address these deficiencies. Rather, Mr. Sparks repeats previously pleaded claims without additional detail claiming instead that McDonald's breached its contract with him. (Doc. 4).

The Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 5th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE